948 F.2d 1293
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LUMBERMAN'S MUTUAL INSURANCE COMPANY, Plaintiff-Appellee,
v.
HOME CAPITAL CORPORATION; Home Business Development,
Defendants-Appellants.
 No. 90-56266.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 11, 1991.
Decided Dec. 3, 1991.
 
 Before SCHROEDER, LEAVY and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Home Capital Corporation ("HCC") appeals the district court's grant of summary judgment in favor of Lumberman's Mutual Insurance Company ("LMIC") in LMIC's declaratory relief action. LMIC sought a declaration that there was no obligation owed under the policy and, therefore, it was entitled to recover its contribution of $167,500 in settlement of a San Diego County Superior Court action entitled Plaza Condominium Owners Assoc. v. Home Capital, No. 544248 ("Plaza action"). We have jurisdiction under 28 U.S.C. § 1291 and affirm the judgment of the district court.
 
 
 3
 HCC contends that the property damage claims asserted in the Plaza action involve "completed operations" property damage coverage that is provided in the LMIC policy. Further, HCC asserts that the "premises alienated" exclusion in the LMIC policy does not deprive the insured of the "completed operations" coverage of the "broad form" property damage coverage.
 
 
 4
 Under California law, the burden is initially on the insured to prove that an event is within the scope of the basic coverage. Royal Globe Ins. Co. v. Whitaker, 226 Cal.Rptr. 435, 437 (Cal.Ct.App.1986). The basic insuring agreement provided that "[t]he Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of ... property damage to which this insurance applies, caused by an occurrence...." Additional coverage was provided in the LMIC policy by the Broad Form Property Damage (Including Completed Operations) Endorsement, which limited exclusions contained in the original policy. The Endorsement had the effect of permitting recovery, with respect to completed operations, for property damage (to which the insurance applied) to work performed "on behalf of the Named Insured" arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith.
 
 
 5
 LMIC does not seriously contend that the Broad Form Coverage Endorsement did not expand coverage under the policy to include coverage, with respect to completed operations, for property damage to work performed on behalf of the named insured. See Fireguard Sprinkler Systems v. Scottsdale Ins., 864 F.2d 648, 650-51 (9th Cir.1988); Maryland Cas. Co. v. Reeder, 270 Cal.Rptr. 719, 725-26 (Cal.Ct.App.1990). Rather, LMIC contends that the evidence submitted by HCC is insufficient to avoid summary judgment on whether the claimed losses in the Plaza action were for property damage that occurred because of work performed "on behalf of" HCC and arising out of "completed operations."[1]
 
 
 6
 We agree. The only evidence offered by HCC to establish its claim for coverage under the Broad Form Coverage Endorsement was: 1) a Notice of Completion that indicated work was performed by Benton Roofing on behalf of Silverado Investments, the purchaser of the project; and 2) an unauthenticated and unsigned letter to Benton Roofing from Home Business Development authorizing Benton Roofing to do certain work at the Plaza Apartments. It appears there was no evidence that the roof that caused the damage was installed on behalf of the Insured, HCC. We find HCC failed to produce evidence to show that there was a genuine issue as to any material fact. Fed.R.Civ.Pro. 56; T.W. Elec. Serv. v. Pacific Elec. Contractors, 809 F.2d at 631-32. Consequently, LMIC is entitled to summary judgment as a matter of law. Id. The decision of the district court is affirmed.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The policy defines "completed operations hazard" to include "property damage arising out of operations or reliance upon a representation of warranty made at any time with respect thereto, but only if the ... property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured."